UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 7, 2016

LETTER TO COUNSEL

      RE:    *Chad Carroll v. Commissioner, Social Security Administration*;
             Civil No. SAG-15-3224

Dear Counsel:

      On October 21, 2015, Plaintiff Chad Carroll petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Carroll protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on June 16, 2011. (Tr. 218-28). He alleged a disability onset date of June 6, 2005. *Id.* His claims were denied initially and on reconsideration. (Tr. 151-59, 161-66). A hearing was held on May 23, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 28-80). Following the hearing, the ALJ determined that Mr. Carroll was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-27). The Appeals Council denied Mr. Carroll's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Carroll suffered from the severe impairments of "bipolar disorder and anxiety disorder." (Tr. 15). Despite these impairments, the ALJ determined that Mr. Carroll retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to routine, repetitive, unskilled tasks with occasional interaction with co-workers, supervisors, and the public.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Carroll could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 21).

*Chad Carroll v. Commissioner, Social Security Administration*
Civil No. SAG-15-3224
September 7, 2016

Mr. Carroll raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the 4th Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to properly evaluate the medical opinion of Dr. Cohen. Pl. Mot. 3-7. I concur that the ALJ's opinion is deficient under *Mascio*, and thus recommend remand to allow compliance with that decision. In recommending remand for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Carroll is not entitled to benefits is correct or incorrect.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id*. at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence,

*Chad Carroll v. Commissioner, Social Security Administration*
Civil No. SAG-15-3224
September 7, 2016

or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Mr. Carroll to have moderate limitations in maintaining concentration, persistence, or pace. (Tr. 16). The entirety of the analysis states, "The claimant has reported issues in this area, but the record indicates that his memory and judgment are intact. Notes from the consultative examinations indicate that the claimant is capable of following and understanding simple instructions." (Tr. 16). According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 CFR § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Carroll's case suggests that the finding of "moderate difficulties" was based exclusively on the finding that Mr. Carroll reported issues in concentration, persistence, or pace, since the sole remaining sentence in the analysis would suggest mild or no limitations. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Carroll to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict his RFC to "routine, repetitive, unskilled tasks" in a low contact work environment without further limitation. (Tr. 17). In light of this inadequacy, I must remand the case to the

*Chad Carroll v. Commissioner, Social Security Administration*
Civil No. SAG-15-3224
September 7, 2016

Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Mr. Carroll makes the additional argument that the ALJ failed to properly evaluate the medical opinion of the psychiatric expert, Dr. Cohen. Specifically, Mr. Carroll contends that although the ALJ assigned "significant weight" to Dr. Cohen's opinion, he "failed to mention or evaluate Dr. Cohen's actual opinions regarding Mr. Carroll's functional abilities." Pl. Mot. 7. Contrary to Mr. Carroll's assertion, the ALJ provided an adequate evaluation of Dr. Cohen's opinion based on substantial evidence. Most significantly, the ALJ noted that Dr. Cohen found a "wide variety of mental health diagnoses," as well as "active substance abuse until at least 2012." (Tr. 19). In addition, the ALJ noted that Dr. Cohen found Mr. Carroll to be "not entirely credible, as he sometimes reported to treating providers that he could do his own activities of daily life, but at other times indicated that his girlfriend had to do the chores." *Id*. Moreover, the ALJ noted that Dr. Cohen discovered "many conflicts throughout the record regarding [Mr. Carroll's] impairments [and] symptoms." Furthermore, the ALJ noted that Dr. Cohen "opined that [Mr. Carroll's] depression is manageable with medications and that if [he] was not using Adderall many of his symptoms might decrease or disappear entirely." *Id*. Commensurate with Dr. Cohen's opinion and the objective medical evidence, the ALJ determined that Mr. Carroll was not disabled. (Tr. 21). In doing so, the ALJ conducted an adequate assessment of Dr. Cohen's findings, and explained why, in his view, the record evidence supported the RFC assessment. This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly evaluated Dr. Cohen's opinion, and that the ALJ's findings are supported by substantial evidence.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge